IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br><br>    Defendant. | Case No. 2:15-cv-01642-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT T-MOBILE USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant T-Mobile USA, Inc. ("T-Mobile") hereby responds to Plaintiff Rothschild Connected Devices Innovations, LLC's ("Rothschild") Complaint as follows.  To the extent not specifically admitted herein, all allegations of the Complaint are denied.

**ANSWER TO COMPLAINT**

**Response to "Parties and Jurisdiction"**

1.  T-Mobile admits that Rothschild purports to bring this action under Title 35 of the United States Code, but T-Mobile denies any liability thereunder.  T-Mobile admits that Rothschild is seeking injunctive relief and damages, but T-Mobile denies that Rothschild is entitled to any relief.

2.  T-Mobile admits that Rothschild purports to bring a dispute over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but T-Mobile denies any liability thereunder.

3. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3 of the Complaint and therefore denies them.

4. T-Mobile admits that it is a Delaware corporation having a principal place of business at 12920 SE 38th St., Bellevue, Washington 98006.

5. To the extent the allegations of Paragraph 5 of the Complaint set forth legal conclusions, no response is required.  T-Mobile admits it has transacted business in Texas.  T-Mobile denies that it has committed any act of patent infringement in Texas or any other state.  T-Mobile denies the remaining allegations of Paragraph 5.

6. For at least the reason that the Complaint alleges infringement by "communication systems" without limitation, T-Mobile denies the allegations of Paragraph 6 of the Complaint.

### Response to "Venue"

7. To the extent the allegations of Paragraph 7 of the Complaint set forth legal conclusions, no response is required.  T-Mobile denies that it has committed any act of patent infringement in this district or in any other judicial district.  T-Mobile denies the remaining allegations of Paragraph 7.

### Response to "Count I"

8. T-Mobile incorporates by reference Paragraphs 1-7 as if fully set forth herein.

9. T-Mobile admits that the Complaint purports to bring a cause of action under the patent laws of the United States and 35 U.S.C. §§ 271, *et seq.*, but T-Mobile denies any liability thereunder.

10. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 of the Complaint and therefore denies them.

11. T-Mobile admits that what appears to be a copy of U.S. Patent No. 8,788,090 (the "'090 Patent") is attached to the Complaint as Exhibit A. T-Mobile admits that Exhibit A lists the title of the '090 Patent as "System and Method for Creating a Personalized Consumer Product."

12. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12 of the Complaint and therefore denies them.

13. T-Mobile denies the allegations of Paragraph 13 of the Complaint.

14. To the extent the allegations of Paragraph 14 of the Complaint set forth legal conclusions, no response is required. T-Mobile admits that it offers a feature called Family Allowances®, but T-Mobile denies that Family Allowances® infringes any claim of the '090 Patent. T-Mobile denies the remaining allegations of Paragraph 14.

15. T-Mobile denies the allegations of Paragraph 15 of the Complaint.

16. T-Mobile denies the allegations of Paragraph 16 of the Complaint.

17. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of the Complaint and therefore denies them.

**PRAYER FOR RELIEF**

T-Mobile denies all remaining allegations not specifically admitted herein and denies that Rothschild is entitled to any of the relief sought in paragraphs (a) through (e) of its Prayer for Relief or to any other relief at all.

**AFFIRMATIVE DEFENSES**

As further answer and as affirmative defenses, but without assuming any burden that it would not otherwise have or admitting that it bears the burden of proof with respect to any of the

following, T-Mobile asserts the following defenses and alleges as follows.  T-Mobile reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Affirmative Defense – Failure to State a Claim

1. The Complaint fails to state a claim on which relief can be granted.

### Second Affirmative Defense – Non-Infringement

2. T-Mobile has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '090 Patent literally or under the doctrine of equivalents.

### Third Affirmative Defense – Invalidity

3. One or more claims of the '090 Patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense – Prosecution History Estoppel and Disclaimer

4. Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that issued as the '090 Patent and/or the applications to which the '090 Patent claims priority, Rothschild is precluded or otherwise estopped from asserting any claim that the '090 Patent covers, either literally or under the doctrine of equivalents, any product or method made, performed, used, sold, offered for sale, or imported by T-Mobile.

### Fifth Affirmative Defense – Laches, Waiver, Unclean Hands, Estoppel

5. Rothschild's claims for relief are barred, in whole or in part, under the doctrines of laches, waiver, unclean hands, estoppel, misuse, and/or other applicable equitable doctrines.

### Sixth Affirmative Defense – Limitation of Damages and Remedies

6. Rothschild's claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

### Seventh Affirmative Defense – No Injunction

7. Rothschild is not entitled to injunctive relief, as it has no immediate or irreparable injury, it has an adequate remedy at law for T-Mobile's alleged infringement, and/or public policy concerns weigh against any injunctive relief.

### Eighth Affirmative Defense – License

8. Rothschild's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, and the single recovery rule.

Dated: December 23, 2015	Respectfully Submitted,

*/s/ Alex V. Chachkes*
Alex V. Chachkes (NY Bar No. 3035078)
achachkes@orrick.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, New York 10019-6142
Telephone: +1-212-506-5000
Facsimile: +1-212-506-5151

Mark S. Parris (*Pro Hac Vice applied*)
mparris@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone: +1-206-839-4300
Facsimile: +1-206-839-4301

Lillian J. Mao (CA Bar No. 267410)
lmao@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

Attorneys for Defendant T-Mobile USA, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned certified that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice of compliance was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this date December 23, 2015.

                                                                  */s/ Alex V. Chachkes*
                                                                  Alex V. Chachkes